(92 South. 563)

No. 23581.

## MAXEY v. VICKSBURG, S. & P. RY. CO.

(May 15, 1922. Rehearing Denied by Division B June 10, 1922.)

*(Syllabus by Editorial Staff.)*

Railroads ⬤➡68—Grant of right of way by reference to plat held to grant only space occupied by tracks.

Where an act of sale conveying depot grounds and a right of way to a railroad company referred to a plat thereby attached showing the railroad as traversing an open space marked "Railroad avenue," with lots shown as fronting on such avenue, and granted "the right of way as actually shown," only the space actually occupied by the tracks, and not the whole of Railroad avenue, was granted.

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Action by John H. Maxey against the Vicksburg, Shreveport & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Amended and affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

L. K. Watkins, of Minden, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Plaintiff owns lot 9, square T, in the village of Sibley, Parish of Webster. Situated upon that lot is a store building in which plaintiff was conducting a general mercantile business, when the defendant railroad company erected in front of the store, upon what plaintiff claims is a public street, depot buildings to carry on its traffic as a common carrier. Thereupon plaintiff instituted the present suit, in which he prays for damages in the sum of $9,363.21 and for restoration of the street to its former condition, and as it existed prior to the erection of said depot buildings.

The district court rendered judgment in favor of plaintiff and against defendant for the sum of $3,250, with legal interest from date and costs, and from that judgment defendant appeals.

Plaintiff in answer to this appeal prays for an increase of damages as sued for and for the removal of the depot buildings, and in the event said buildings are not removed that he be allowed accruing and continuing damages to be fixed by the court.

The main issue in this suit is whether the ground upon which plaintiff's property faces is an open street for the use of the public, or private property belonging to the railroad company, as part of its right of way.

The village now named Sibley was formerly incorporated as Lanesville, and had previously been known as Minden Junction. It was surveyed, divided into streets, squares, and lots and platted, according to a map in the record, in the year 1884, by John G. Lane, as "Minden Junction."

By an act before D. M. Sholars, notary public for the parish of Ouachita, May 29, 1884, duly accepted and signed by Fred I. Dabney, representing defendant, the Vicksburg, Shreveport & Pacific Railroad, John G. Lane declared that he had caused a plat of Minden Junction to be made by actual survey, and he further declared:

"That in consideration of the location of the company's depot on his said land and on said 80-acre plot in accordance with an agreement heretofore had with its representatives and for other considerations from said railroad company received, he has transferred, sold and delivered, and by this act hereby transfers, sells, and delivers, to the said railroad company the part of said plot indicated as depot grounds therein, comprising 2.37 acres and the right of way as actually shown through the whole of said plot of 80 acres."

Another stipulation in the same act is as follows:

"And the said John G. Lane further declared that it was his purpose and that he does now attach hereto said plot of the town of Minden Junction, hereby dedicating all the streets as marked thereon for the use of the public forever, and said notary, having paraphed the same to identify it herewith, attached the same hereto and makes it a part of this act."

According to the plat the railroad traverses the town from east to west through an open space marked as "Railroad avenue," and the railroad track is delineated across the town in the center of Railroad avenue.

The crude sketch that follows, not pretended to be made to scale, showing Railroad avenue and the adjacent squares, will facilitate a proper understanding of the locus.

In the first block, commencing from the eastern limit, Railroad avenue extends in width 75 feet north and 75 feet south of the center line of the railroad track, in the second block its width is similarly extended to 100 feet on either side of the center line of the track, in the third and fourth blocks are delineated two parallelograms, one on either side and both adjacent to the track, each

having a width of 140 feet by two blocks in length, constituting the depot grounds mentioned in the act of May 29, 1884, before D. M. Sholars, as hereinbefore quoted. In the fifth block from the eastern limit of the plat, Railroad avenue is again marked as extending in width, 100 feet north and 100 feet south of the center line of defendant's track. Plaintiff's lot is situated on the north side, near the western extremity of the fifth block, faces south, and is numbered as lot 9 in square T.

The act by which Lane granted a right of way to defendant does not give the width of the right of way, but merely says, "the right of way as actually shown through the whole of said plot of 80 acres." In the absence of any specified width, defendant is restricted to the space actually occupied by its tracks.

It would be altogether unreasonable to hold that Railroad avenue through its entire length and breadth was granted to defendant as a right of way, for that would leave the numerous lots, including that of plaintiff, designated on the plat of survey as fronting on Railroad avenue, as completely inclosed and without access to or from the streets and highways of the village. Again, as evidence of the fact that Lane intended that Railroad avenue was to be a public street, it must be observed that on either side of the two strips of ground granted for depot buildings the map shows "Railroad Avenue North" and "Railroad Avenue South."

We, therefore, have no hesitancy in concluding that defendant's depot, in front of plaintiff's premises, was built on land dedicated for street purposes.

Defendant began building its depot about March, 1917, at which time plaintiff was doing a remunerative mercantile business. In order to prepare and level the ground for its building, defendant first had to excavate to a depth of about five feet up to and near the front steps of plaintiff's store, destroying the only means of easy access by customers to plaintiff's place of business.

The preparation of the ground, the hauling of material, and the construction of the depot building lasted almost a whole year, and the building was finally completed and defendant deprived of the benefit of the public street to which he was entitled.

The district judge after hearing a mass of evidence gave plaintiff judgment in damages for $3,250. Considering the inconvenience to which plaintiff was subjected, deterioration of his stock of goods, loss of business, expenses of moving his merchandise to another place, depreciation of the value of his property and increased cost of insurance on his building, we believe the trial judge's finding was eminently fair.

We believe, however, that plaintiff's right, if any he has, to the removal of defendant's depot and restoration of the street to the condition in which it was previous to the erection of the depot building should be reserved.

For these reasons the judgment appealed from is amended so as to reserve to plaintiff any right which he may have to the removal of defendant's depot building and restoration of the street to its former condition, and, as thus amended, said judgment is affirmed.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.